**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KAREN MARTINEZ<br><br>    Plaintiff<br><br>    v.<br><br>MUNICIPALITY OF SAN JUAN; QBE SEGUROS a/k/a OPTIMA SEGUROS; PUERTO RICO ELECTRIC POWER AUTHORITY; LUMA ENERGY, LLC; LUMA ENERGY SERVCO, LLC; X, Y AND Z COMPANIES;  A, B AND C INSURANCE COMPANIES;<br><br>    Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Karen Martinez, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff, Ms. Karen Martinez ("Ms. Martinez") is of legal age, single and domiciled in the State of New York.

2. Defendant, the Municipality of San Juan, is a Puerto Rico governmental entity, that has the capacity to sue and be sued, and that is the owner and responsible entity for the municipal sidewalk along Ashford Ave, and in particular,

1

next to the bus stop and the Vanderbilt Hotel, 1055 Ashford Ave, Condado, San Juan Puerto Rico. (hereinafter "MSJ")

3. By information and/or belief, QBE Seguros a/k/a OPTIMA SEGUROS, is a duly registered insurance company, registered in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, an insurance policy to cover the legal liability for negligence of the Municipality of San Juan and/or other named defendants for accidents as described in this complaint.

4. By information and belief, co Defendant, Puerto Rico Electric Power Authority ("PREPA") is a Puerto Rico public utility with capacity to sue and be sued, that at the time and place where the accident described in this complaint occurred, was and is still the owner of certain metal covers, installed on the municipal sidewalk, next to the bus stop in front of the Vanderbilt Hotel at 1055 Ashford Ave, Condado, San Juan, Puerto Rico.

5. It is PREPA the entity in charge of ensuring that the metal covers that caused the accident described in the complaint were well installed repaired and maintained in order to avoid the dangerous condition that caused the accident suffered by the plaintiff as further detailed.

6. By information and belief, Luma Energy, LLC is a limited liability company duly registered in the Commonwealth of Puerto Rico, with principal offices located in Puerto Rico, that is the manager of and the operator of Puerto Rico's electrical transmission and distribution system. At the time of the accident described in this complaint, it was the entity that either was the owner of and/or the one in charge to provide maintenance services and repair to the metal covers described in this complaint, that due to their state of disrepair, caused the accident suffered by Ms. Martinez.

7. Luma Energy, LLC ("LUMA") is the sole member of Luma Energy Servco, LLC. Luma Energy, LLC are Quanta Utilty Operations, LLC and 2240485 Alberta Ltd. The first a Texas entity and the second a Canadian entity. Each of the members of Luma Energy LLC own 50% of the Luma Energy, LLC

8. Quanta Utility Operations, LLC's sole member is Quanta Services, Inc., a Texas entity, with principal offices located in the State of Texas.

9. 2240385 Alberta Ltd., is solely owned by Canadian Utilities Limited, which is solely owned by Atco Ltd., a publicly traded company, with principal offices located in Canada.

10. The Luma defendants are both Puerto Rico registered Limited Liability company, with capacity to sue and be sued.

11. Luma Energy Servco, LLC By information and belief, is a single member limited liability company duly registered in the Commonwealth of Puerto Rico, with principal offices located in Puerto Rico, that is the co-manager and the operator of Puerto Rico's electrical transmission and distribution system. At the time of the accident described in this complaint, it was the entity that either was the owner of or the one in charge to provide maintenance and repair services to the metal covers described in this complaint, that due to their state of disrepair, caused the accident suffered by the plaintiff, at the sidewalk located along 1055 Ashford Ave, Condado, San Juan Puerto Rico.

12. The sole member of Luma Energy Servco LLC, is Luma Energy, LLC.

13. X, Y and Z companies, are the fictitious names used to denominate other Puerto Rico registered corporate entities that either provide cable, water or other services at the area where the metal covers are installed, that at the time of the accident described in this complaint, were either the owners of or the entities obligated to provide maintenance and/or repair services to said metal covers next to a bus stop on 1055 Ashford Ave, Condado, San Juan Puerto Rico.

14. A, B and C insurance companies, are the fictitious names used to denominate the currently unknown insurance companies that at the time of the accident described in this complaint had issued and had in full force as per the terms and conditions of their respective insurance policies, insurance contracts to cover the liability of one or more of the defendants and unknown defendants referred to in this complaint for negligence, for the accident described in this complaint. Once their identities are made know by each of the defendants, the complaint may be amended so as to include the proper insurance company defendants in this complaint.

## II. **JURISDICTION**

7. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue if this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on July 11, 2021, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the present complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

## IV. THE FACTS AND THE DAMAGES

10. Plaintiff was with friends walking from west to east along the sidewalk in front of and next to the Vanderbilt Hotel, Ashford Ave., Condado.

11. Upon passing the bus stop on 1055 Ashford Ave, Condado, San Juan Puerto Rico, plaintiff stepped on and tripped on the edge of one of the metal covers on said sidewalk, causing her to loose her balance, trip and abruptly fall and suffer injuries to various parts of her body to include face, neck, mouth, shoulder, knee and ankle.

12. The force of the fall was such that among the damages Ms. Martinez suffered was face trauma and a fractured tooth, when her face slammed against the sidewalk metal covers that caused her to trip and fall.

13. Upon her return to New York, she was further evaluated for all of her injuries, to include the injuries to her mouth and teeth.

14. As a result of the accident, among other injuries, she suffered a fractured tooth below the crestal bone, across the pulpal, causing exposed pulpal tissue, further bleeding and intense pain, casing said tooth to be extracted since it was beyond repair.

15. Because of the fall, other teeth suffered trauma and were repaired, which eventually resulted in further dental processes and treatments, to include the installation of a dental bridge.

16. Ms. Martinez had to endure dental treatments for various months after the accident, to include having to bear the pain of the injury and the embarrassment of suffering from a missing front tooth for months, and later, an infection in the damaged dental area.

17. To this date, plaintiff still suffers from pain, mental anguish, discomfort, distress, residual pain and embarrassment. She has permanent damages, since the dental process she had to endure was not able to restore her teeth to the pre-accident state and a tooth had to be replaced.

18. The value of all his damages for her injuries, past, present and future pain, suffering and mental anguish and her permanent injuries is estimated in a sum in excess of **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00)**

19. As a result of the accident, Plaintiff also incurred and will have to incur unwanted expenses, estimated in a sum in excess of **TEN THOUSAND DOLLARS ($10,000),** a sum that is also owed to the plaintiff by the defendants.

## V. LIABILITY

25. The accident resulting in the serious, severe and permanent damages to the Ms. Martinez, was caused by the exclusive fault and negligence of the Defendants and their employees.

26. Defendants' failed to properly maintain, repair and/or replace the metal covers installed on the sidewalk at the place of the accident, keeping the same in a safe and hazardous free condition.

27. At all material times, all the defendants, and their employees, had a duty to monitor and maintain the sidewalk metal covers in good working order, repair and condition. At the time of the accident, the covers were bent and

uneven, creating a very dangerous condition for sidewalk pedestrians due to the uneven condition of the metal covers.

28. All the defendants and their employees knew or should have known that allowing worn, bent metal covers to remain in state of disrepair on the sidewalk, would eventually result in an accident as the one suffered by Ms. Martinez.

29. The Municipality of San Juan failed in ensuring to repair the same or in demanding from the rest of the defendants that the covers be either replaced or fixed. The lack of action on the part of the Municipality contributed to the occurrence of the accident.

30. The accident would not have happened if not for the joint fault and negligence of all the defendants and their employees. As either owners, supervisors, operators and/or administrators, the defendants had the exclusive control of the area where the accident occurred and are the only parties responsible for the monitoring, maintenance, repair and upkeep of the same. They are also the only entities responsible for their lack of adequate actions to repair the dangerous condition that uneven, warped metal covers represent for pedestrians like Ms. Martinez.

31. Pursuant to Puerto Rico law, all defendants, to include A, B and C Insurance Companies are jointly and severally liable

for the damages claimed herein as a result of the accident described in this complaint.

32. Plaintiff demands trial by jury.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 8th day of July, 2022.

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506